UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| K.M., by and through his parent, | ) | |
|---|---|---|
| Next Friend Ashley Nunley, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CV-301-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| ROOT INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff KM asks the Court to remand this matter to Laurel Circuit Court. DE 6 (Motion to Remand). The Court, perceiving no need to await a response, denies the request.

Diversity-based removal requires "plausible allegation[s]" of complete diversity and a sufficient amount in controversy. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citation omitted). The removing party—here, Root Insurance Co. (Root)—"bears the burden[.]" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). At bottom, removal propriety hinges on whether the action "could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019); *see also* 28 U.S.C. § 1441(a). Thus, "the amount in controversy is measured at the time the complaint was filed." *Parris v. Mego Mortg. Corp.*, 14 F. App'x 394, 396 (6th Cir. 2001); *see also Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 910 (6th Cir. 2018) (The remand "inquiry is

1

limited to determining whether the case was properly removed to federal court in the first place." (internal quotation marks omitted)).

Plaintiff does not dispute (and the Court sees no record basis to doubt) the parties' fully diverse citizenship. Rather, KM's remand theory is premised entirely on Plaintiff's affidavit stipulating that KM's damages "are as follows: $25,000.00 for past and future medical expense[s] and $50,000.00 for both past and future pain and suffering[,]" and avowing that KM will not "ask the jury for[,]" or "accept more than $75,000.00 for any jury verdict." DE 6-1 (KM Aff. through Ashley Nunley). Yet, precedent unequivocally forecloses post-removal amount-in-controversy stipulations as a remand basis. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S. Ct. 586, 590–91 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); *id.* at 592 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("[W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court.").

There are good reasons federal courts deem post-removal efforts to divest jurisdiction ineffective. *Rogers*, 230 F.3d at 872 ("If plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable."). Here, KM's sole argument provides no grounds for remand and, thus, the Court denies the motion.

Further, on review of the full removal record, the Court finds the amount-in-controversy satisfied.[1] The Complaint, on behalf of a minor, alleges significant personal injuries, ones resulting in past and future pain and suffering as well as resultant medical expenses. DE 1-2 (Compl.) at ¶ 9. Further, the pleading seeks an award of damages for "great mental and emotional distress." *Id.* ¶ 17. Plaintiff pursues both attorney fees and statutory interest for delayed payment. Critically, the Complaint, regarding extra-contractual harm, endeavors to collect punitive damages from the insurance company Defendant.

If there were questions about scope, Plaintiff's affidavit answers them. Per that document, the damage ceiling is $75,000. *See* DE 6-1. Not so fast. Reading more closely, that is where Plaintiff caps the harm ("to date") for medical expenses and pain and suffering. *Id.* Plaintiff ignores the other alleged damage components—interest for delay, attorney fees for collection, and the undefined (but surely multiplicative) punitive damage aspect of the bad faith theory. The amount-in-controversy, charted from Plaintiff's Complaint and the record before the Court, well exceeds the federal threshold.[2]

For these reasons, the Court, on the lone argument presented, **DENIES** DE 6.

This the 30th day of December, 2019.

---

[1] The Court undoubtedly has an omnipresent "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

[2] The Court analyzes from the Complaint, not from the scope of the Counterclaim. *See Home Depot*, 139 S. Ct. at 1748 ("Section 1441(a) [ ] does not permit removal based on counterclaims at all, as **a counterclaim is irrelevant** to whether the district court had 'original jurisdiction' over the civil action." (emphasis added)).



Signed By:
*Robert E. Wier*
United States District Judge